NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 22, 2013[*]
Decided May 30, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1453

| | |
|---|---|
| BRIDGETT OUTLAW, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Evansville Division. |
| *v.* | |
| | No. 3:11-cv-00138-RLY-WGH |
| REGIS CORPORATION, | |
| *Defendant-Appellee.* | Richard L. Young, |
| | *Chief Judge.* |

**O R D E R**

Bridgett Outlaw appeals the district court's grant of summary judgment for her former employer, Regis Corporation, in her action asserting employment discrimination on account of her race and religion. We affirm.

Outlaw, a former hairstylist at the Regis Salon in Evansville, Indiana, sued Regis under Title VII for firing her. *See* 42 U.S.C. § 2000e-2(a)(1). She attributed her firing to her race (she says without elaboration that her presence in the salon attracted more black

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

clients) and to her religion (she notes she kept a Bible in plain view at her workstation and that a supervisor mentioned her Christianity after she was fired). According to evidence Regis presented, however, Outlaw was fired for deficient styling skills and violating company policy. She had received two warnings for customer complaints: first for not giving a customer the haircut she had asked for; second (a month later) for "frying" a customer's hair during a hair coloring session. The salon manager fired Outlaw shortly thereafter based on two additional incidents—she gave a customer an uneven haircut that had to be corrected by another hairstylist and violated a policy against giving family members free haircuts on weekends. When Outlaw refused to leave the salon after being fired, a supervisor urged her to cooperate, saying, "I know you're a Christian. I know you want to do the right thing."

The district court granted Regis's motion for summary judgment. The court first pointed out that Outlaw had not presented any admissible evidence to contradict Regis's version of events. As for Outlaw's claim of racial discrimination, the court understood her to proceed under only the indirect method of proof, and concluded that she had failed to make out a prima facie case because customer complaints showed that she was not meeting Regis's legitimate job expectations. As for her claim of religious discrimination, the court concluded that Outlaw neither provided direct or circumstantial evidence of a discriminatory motive under the direct method of proof, nor established a prima facie case of discrimination under the indirect method (reiterating its earlier conclusion that she was not meeting Regis's job expectations). Finally, the court declined to address a failure-to-rehire claim that Outlaw had raised in response to Regis's motion for summary judgment; according to the court, that newly filed claim arose out of other time periods and from other decision makers than Outlaw's other claims.

On appeal, for the first time, Outlaw impugns the evidence Regis presented at summary judgment. She asserts that some of Regis's evidence was based on hearsay, that Regis's attorneys altered the transcript of her deposition, and that the court reporter was not present when she gave her oath at her deposition. But she mentioned none of these objections in her response to Regis's motion for summary judgment, so she may not raise them here. *See Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 597 (7th Cir. 2012); *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 783 (7th Cir. 2011); *IFC Credit Corp. v. Bulk Petroleum Corp.*, 403 F.3d 869, 873–74 (7th Cir. 2005).

Outlaw also maintains generally that she was fired on account of her race and religion. As the district court explained, however, she did not present sufficient evidence to support her claims. First, concerning racial discrimination, she failed to establish a prima facie case under the indirect method, which requires showing (among other things) that the employee was performing her job satisfactorily and was treated less favorably than a

similarly situated employee outside of her protected class. *See Greene v. Potter*, 557 F.3d 765, 768 (7th Cir. 2009); *Goodwin v. Bd. of Trs. of the Univ. of Ill.*, 442 F.3d 611, 617 (7th Cir. 2006). Regis presented uncontested evidence that Outlaw, by giving subpar haircuts and hair colorings on three occasions in addition to violating company policy, had fallen short of satisfactory performance. And Outlaw did not offer any evidence that other employees with similar track records were treated more favorably. Second, concerning religious discrimination, Outlaw needed to present evidence of a discriminatory motive to survive summary judgment under the direct method, but she failed to do so. *See Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 509–10 (7th Cir. 2012); *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1114–15 (7th Cir. 2009). Her supervisor's reference to her being a "Christian . . . want[ing] to do the right thing" did not suggest discriminatory animus. And her religious-discrimination claim fails under the indirect method, like her racial-discrimination claim, because she did not show that she was performing satisfactorily or that she was treated less favorably than a similarly situated comparator. *See Greene*, 557 F.3d at 768; *Goodwin*, 442 F.3d at 617.

Last, Outlaw repeats her claim that Regis discriminated against her by refusing to rehire her. But the district court was not required to consider a new claim first raised in opposition to a motion for summary judgment, nor are we. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *Warren v. Solo Cup Co.*, 516 F.3d 627, 629 n.3 (7th Cir. 2008); *Griffin v. Potter*, 356 F.3d 824, 830 (7th Cir. 2004).

AFFIRMED.